[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on defendant's amended motion to modify alimony dated November 27, 1991.
The motion alleges that the wife has been or continues to cohabit with an unrelated male which by the terms of the judgment would trigger a termination of alimony and the obligation to maintain life insurance. Paragraph 4 of the motion further alleges that as a result of the wife's cohabitation, there is a change of circumstance which would mandate a modification pursuant to Connecticut General Statutes, Sec. 46b-86(b). Finally, in paragraph 5, the defendant alleges that pursuant to Connecticut General Statutes, Sec. 46b-86(a) a modification is mandated since there has been a substantial change in circumstances.
The testimony elicited in this matter indicated that the parties were divorced on May 17, 1989. There is no question that the plaintiff spends an average of five nights a week at the home of an unrelated male. She also owns her own condominium and pays all of her own bills attendant to CT Page 6235 the ownership of said condominium. There is a substantial amount of traveling which they do together. From all indications, however, all of the expenses are shared and, therefore, there is little if any direct financial benefit to her.
She keeps her program and computer as well as several items of clothing, personal property and books at her friend's house. In spite of this arrangement, it does not appear to the court that this constitutes "cohabitation" either pursuant to the separation agreement nor pursuant to the statute, i.e., Sec. 46b-84(b).
There does, however, appear to this court to be a substantial change of circumstance pursuant to Sec. 46b-84(a) which would mandate some change in the current alimony order.
The plaintiff's financial affidavit dated May 11, 1989, showed a net income from employment of $215.45. Her net income from employment today, disregarding her 401K deduction, is $567. She also has a dividend income of $150 per week gross. Her current weekly net income is, therefore, approximately $465 more now than it was at the time of the divorce. There has also been a substantial change in the value of the assets.
The court is aware that the husband has also had an increase in his income, however, this pales in comparison with that of his former wife.
Under the circumstances, the court will modify the alimony from $2,400 per month to $1,500 per month.
Mihalakos, J.